1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    OBIE LEE CRISP, III,                    No.  2:16-cv-0288 DB P

12                  Plaintiff,

13          v.                                ORDER

14    BRIAN DUFFY, Warden, et al.,

15                  Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action.  On May 2, 2016,

18    plaintiff filed a motion for a temporary restraining order.  Plaintiff complains about the removal

19    of legal materials from his cell and expresses concern about their safety.  He also requests a

20    subpoena to obtain a video that he alleges will show that Officer Beltram harassed him and

21    violated his right to medical privacy in April 2016.

22                        **Legal Standards for Injunctive Relief**

23          A temporary restraining order is an extraordinary measure of relief that a federal court

24    may impose without notice to the adverse party only if, in an affidavit or verified complaint, the

25    movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the

26    movant before the adverse party can be heard in opposition."  See Fed. R. Civ. P. 65(b)(1)(A).

27    Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary

28    restraining order shall be granted in the absence of actual notice to the affected party and/or

1

1   counsel[.]"  In the absence of such extraordinary circumstances, the court construes a motion for

2   temporary restraining order as a motion for preliminary injunction.  See, e.g., Aiello v. One West

3   Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092, at *1–2 (E.D. Cal. Jan. 29, 2010).

4          The party requesting preliminary injunctive relief must show that "he is likely to succeed

5   on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

6   the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.

7   Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief

8   hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean

9   Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

10          Alternatively, under the so-called sliding scale approach, as long as the plaintiff

11   demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the

12   public interest, a preliminary injunction may issue so long as serious questions going to the merits

13   of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for

14   the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the

15   "serious questions" version of the sliding scale test for preliminary injunctions remains viable

16   after Winter).

17          The principal purpose of preliminary injunctive relief is to preserve the court's power to

18   render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R.

19   Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is

20   that the relief awarded is only temporary and there will be a full hearing on the merits of the

21   claims raised in the injunction when the action is brought to trial.  In cases brought by prisoners

22   involving conditions of confinement, any preliminary injunction "must be narrowly drawn,

23   extend no further than necessary to correct the harm the court finds requires preliminary relief,

24   and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).

25   Further, an injunction against individuals not parties to an action is strongly disfavored.  See

26   Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that

27   one is not bound by a judgment . . . resulting from litigation in which he is not designated as a

28   party . . . .").

2

1

**Analysis**

2      Plaintiff has failed to show he will suffer irreparable harm if not granted injunctive relief.

3   Plaintiff has not shown that he will not have access to the legal materials removed from his cell.

4   Nor has he shown that those materials are likely to be lost or destroyed.  With respect to

5   plaintiff's complaint about Officer Beltram, Officer Beltram has not been named as a party to this

6   action.  As far as the court can discern, plaintiff's complaint seeks damages for the defendants'

7   actions surrounding rules violation reports, and related proceedings, against plaintiff in 2014.

8   Plaintiff has also failed to show any basis for injunctive relief against Officer Beltram.  To the

9   extent plaintiff has claims against Officer Beltram, he must pursue those in a different action.

10  Because any conduct by Officer Beltram is not the subject of this action, the court denies

11  plaintiff's request for a subpoena of a video which he claims will show actions taken by Officer

12  Beltram.

13      Accordingly, and good cause appearing, IT IS HEREBY ORDERED that plaintiff's May

14  2, 2016 Motion for a Temporary Restraining Order and for a subpoena (ECF No. 6) is denied.

15  Dated:  September 22, 2016

16

17  _____

18  DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26  DLB:9
    DLB1/prisoner-civil rights/Cris0288.tro

27

28

3