UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE L. CRISP, III,<br><br>        Plaintiff,<br><br>   v.<br><br>BRIAN DUFFY, et al.,<br><br>        Defendants. | No. 2:16-cv-0288 DB P<br><br><br>ORDER |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff's second amended complaint is before the court for screening. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 4.) For the reasons set forth below, the court recommends dismissal of the second amended complaint with leave to amend.

**BACKGROUND**

Plaintiff filed his original complaint on February 12, 2016. (ECF No. 1.) Before the court had an opportunity to screen that complaint, on April 25, 2016 plaintiff filed a first amended complaint. (ECF No. 5.) Plaintiff identified the following defendants: (1) Former Warden Brian Duffy; (2) Sr. Hearing Officer (SHO) A. Avalos; (3) SHO A. Green; (4) Chief Disciplinary Officer (CDO) P.S. Nowlin; (5) Appeals Coordinators B. Balanza, (6) T. Vang, and (7) J.A. Zamora; (8) Correctional Officer Z. Lee; and (9) Captain A. Ladson. He raised claims regarding:

1 | (1) the conduct of a Rules Violation Proceeding; (2) grievance procedures; (3) the falsification of a report; (4) harassment; and (5) retaliation. In an order dated August 2, 2017, the court found plaintiff's complaint stated no cognizable claims besides a potential claim for retaliation against defendant Lee. (ECF No. 16.) Plaintiff was given leave to file an amended complaint.

**SCREENING**

**I.  Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

////

2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Has Plaintiff Stated Claims Cognizable under § 1983?**

**A.   Allegations of the Second Amended Complaint**

In his second amended complaint, plaintiff identifies the following defendants: (1) Warden B. Duffy; (2) Captain A. Ladson; (3) Assoc. Warden P.S. Nowlin; (4) Senior Hearing Official ("SHO") A. Green; (5) SHO A. Avalos; (6) Appeals Coordinator ("AC") Zamora; and (6) AC T. Vang. (ECF No. 21 at 2.) Plaintiff's claims are, again, difficult to discern. As best the court can determine, plaintiff contends the following. First, plaintiff states that around June 12, 2014, there was an "incident of attempted ass[a]ult on plaintiff" when a metal door was slammed

3

in his face. He alleges that each of his claims arise from this occurrence. Plaintiff appears to be identifying Officer Farias as responsible for the door slamming incident. (Id.) He states that he complained to Officers Lee and Reyes about the incident. Plaintiff does not identify Farias, Lee, or Reyes as a defendant. He states that he suffered emotional distress as a result. (Id. at 3.)

Plaintiff next appears to again complain about the conduct of a hearing on a Rules Violation Report ("RVR") and a subsequent loss of privileges. (ECF No. 21 at 3.) He argues, apparently in response to the court's prior order dismissing this claim, that mental distress should be considered an atypical and significant hardship for a mentally ill prisoner so that he was entitled to certain procedural protections at the hearing. (Id. at 3-4.)

Plaintiff further appears to be attempting to frame some of his claims as claims for retaliation. He alleges that he filed staff complaints about Vang and Zamora that they, in violation of prison policy, canceled in retaliation for the fact plaintiff filed the complaints. (ECF No. 21 at 4.) He also contends defendant Green unlawfully "took" an extension of time as an act of retaliation. (Id.) However, plaintiff does not explain what conduct plaintiff took that Green was acting in response to.

Plaintiff further contends he filed a staff complaint against Officer Howard and Green retaliated against him by canceling the complaint. (ECF No. 21 at 4-5.)

Plaintiff also contends that defendants' actions violated his rights to "mandated Prop 57 lawfull substantive and/or procedural 'due process' for early release consideration.[1]"

Plaintiff states defendants denied him use of the 602 grievance process in retaliation for unidentified conduct and in violation of his rights to equal protection. (ECF No. 21 at 5-6.)

Plaintiff seeks compensatory and punitive damages. (ECF No. 21 at 8.)

**B. Analysis**

As plaintiff was informed previously, a retaliation claim requires "five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

---

[1] Proposition 57 changed California parole eligibility rules by adding a section to article I of the California Constitution. Cal. Const., art. I, § 32.

Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). None of plaintiff's allegations show what protected action he took, how and why that caused one or more of the defendants to act in retaliation, what that defendant did in retaliation, or how the defendants' act of retaliation chilled plaintiff's exercise of his rights. If plaintiff believes he has a claim for retaliation, he must allege facts making each of these elements of the claim clear.

To the extent plaintiff is attempting to re-assert the claim raised in his First Amended Complaint that the conduct of his RVR hearing violated due process, the court finds that claim is not cognizable under § 1983 for the reasons stated in the court's August 2 order. Further, plaintiff's contention that his mental distress is an "atypical and significant hardship" that justified the application of special procedural protections at the RVR hearing is not supported by the law. See Newman v. Brandon, No. 1:10-cv-0687 JLT (PC), 2011 WL 2414421, at *3 (E.D. Cal. June 8, 2011) (false documentation resulting in mental anguish and emotional distress is not a "freedom of restraint . . . [that] imposes atypical and significant hardship on the inmate"); see also Guillen v. Martinez, No. 3:17-cv-0964-CAB-NLS, 2017 WL 2869763, at *3 (S.D. Cal. July 5, 2017). The court finds plaintiff fails to allege facts from which the court could draw the reasonable inference that defendants' actions "presented a dramatic departure from the basic conditions" of plaintiff's sentence or caused him to suffer an "atypical" or "significant hardship." Sandin v. Conner, 515 U.S. 472, 486 (1995).

Finally, plaintiff also attempts to raise a claim under Proposition 57, apparently that he was denied earlier parole consideration. However, that claim bears no relationship to the other claims raised in his complaint. Plaintiff may not assert unrelated claims against unrelated parties in the same complaint. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). A plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law

or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). To the extent plaintiff is alleging a claim under Proposition 57 against the named defendants, he does not explain how any actions they took impacted a parole determination.

**C. Conclusion**

Plaintiff's second amended complaint will be dismissed and plaintiff will be given one, final opportunity to file an amended complaint to state claims that are cognizable under § 1983. To permit the court to make that determination, and based on the instructions provided to plaintiff above and in the prior screening order, plaintiff must do the following in an amended complaint:

- Plaintiff must use the complaint form provided with this order. He should label it "Third Amended Complaint." Plaintiff should carefully fill out the appropriate information on that complaint form.
- Plaintiff may only bring claims against more than one defendant if those claims arise out of the same events. That means plaintiff may have to choose to raise one claim against multiple defendants or to raise more than one claim against one defendant.
- Plaintiff must only include claims that he fully exhausted through the third level of review before he filed his complaint in this case in February 2016.
- To describe a claim, plaintiff must: (a) identify a person, (b) briefly describe what that person did or did not do, and (c) explain why that person's conduct violated plaintiff's constitutional rights.
- Plaintiff's amended complaint must contain any claim he wishes to bring in this case. Plaintiff may not refer back to filings made previously. Once an amended pleading is filed, the original pleading no longer serves any function in the case. E.D. Cal. R. 220.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's second amended complaint (ECF No. 21) is dismissed.
2. Within thirty days of the date of this order, plaintiff may file a third amended complaint on the complaint form provided with this order.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: February 5, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/cris0288.sac scrn