UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE L. CRISP, III,<br><br>    Plaintiff,<br><br>    v.<br><br>BRIAN DUFFY, et al.,<br><br>    Defendants. | No. 2:16-cv-0288 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C § 1983. Plaintiff alleges violations of his rights in a rules violation hearing and in the subsequent appeals. In order filed August 2, 2017, the court found plaintiff's first amended complaint failed to state cognizable claims for relief under § 1983, but that plaintiff may be able to state a claim for retaliation. (ECF No. 16.) Plaintiff was given the opportunity to file a second amended complaint.

After receiving two extensions of time, plaintiff file a second amended complaint on January 17, 2018. (ECF No. 21.) Again, the court found plaintiff failed to state any cognizable claims for relief. Plaintiff was provided with instructions on filing a third amended complaint and given thirty days to do so. (Feb. 6, 2018 Order, ECF No. 22.)

////

////

1

1    On March 20, 2018, plaintiff had not filed a third amended complaint or otherwise
2    responded to the court's February 6, 2018 order. The court recommended dismissal of this action
3    for plaintiff's failure to comply with court orders. (ECF No. 23.)
4    On March 23, 2018, plaintiff filed a third amended complaint. In addition, in April, he
5    sought to lodge, and did lodge, exhibits with the court. First, plaintiff explains why his filing of
6    this amended complaint was delayed. The court accepts that explanation, will vacate the March
7    20 recommendation that this case be dismissed, and will screen the third amended complaint.
8    The court's review of the third amended complaint shows, as best the court can tell, that
9    plaintiff is again complaining of the conduct of a rules violation proceeding that occurred in 2014.
10   As plaintiff has been informed twice previously, his arguments about the conduct of that
11   proceeding do not state a claim that is cognizable under 42 U.S.C. § 1983. (See Orders filed Aug.
12   2, 2017 and Feb. 6, 2018.) Plaintiff's attempts to recast those claims as ones for "Conspiracy"
13   does not change the fact that plaintiff's has not established a violation of his due process rights.
14   "Conspiracy" is not a stand-alone claim. A conspiracy "does not enlarge the nature of the claims
15   asserted by the plaintiff, as there must always be an underlying constitutional violation." Lacey
16   v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc) (citations omitted).
17   To the extent plaintiff is attempting to state a claim for retaliation, he again fails to do that
18   as well. While plaintiff states at one point that the actions taken against him were the result of a
19   phone call he made to the "Internal Affairs Direct Hotline" against "Warden Rackly," he does not
20   show any relationship between that phone call and his complaints about the rules violation
21   proceeding. Plaintiff's third amended complaint fails to state cognizable claims for relief.
22   If the court finds that a complaint should be dismissed for failure to state a claim, the court
23   has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-
24   30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the
25   defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see
26   also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given
27   leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely
28   clear that the deficiencies of the complaint could not be cured by amendment." (Citing Noll v.

Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato, 70 F.3d at 1005-06.

Plaintiff filed this action over two years ago and has filed four complaints.  None have stated any claims cognizable under § 1983.  The court finds any further attempts by plaintiff to state a claim would be futile.  Therefore, this court will recommend dismissal of this action for failure to state a claim.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 20, 2018 (ECF No. 23) are vacated.
2. Plaintiff's pending motions to lodge records (ECF Nos. 26, 27) are denied as moot.

Further, IT IS RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim upon which relief may be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 17, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/cris0288.fr